**Ho Jun SIN Plaintiff—Appellant,**

v.

**CRYSTAL PARK HOTEL CASINO dba California Casino Management, Inc.; City of Compton Defendant—Appellee.**

No. 02–56011.

D.C. CV–01–00594–WJR.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 5, 2003.

Decided Oct. 8, 2003.

Before ALDISERT,* TALLMAN and RAWLINSON, Circuit Judges.

## MEMORANDUM**

Our teachings in *Arpin v. Santa Clara Valley Trans. Agency,* 261 F.3d 912 (9th Cir.2001), require police officers to conduct additional investigation on a citizen's arrest if there is some question in their minds as to the merits of the arrest. In *Arpin,* the court criticized the conduct of the officers because the officers failed to identify themselves, to inform the individual of the reasons for arrest and to allow the individual to explain her side of the story. In the present case, the officers reviewed a signed statement, interviewed both parties involved and made an objective decision regarding probable cause to arrest. This objectivity is the key, and the jury was charged with reviewing the totality of the circumstances to determine if the

objectivity was reasonable. We determine that there was no error.

## II.

■ A district court's rulings on objections to alleged prosecutorial misconduct during closing argument are reviewed for an abuse of discretion. *United States v. Sarkisian,* 197 F.3d 966, 988 (9th Cir. 1999). Counsel are entitled to a reasonable degree of latitude in the presentation of closing argument. *United States v. Molina,* 934 F.2d 1440, 1445 (9th Cir.1991). The power and clarity of the court's instructions to the jury combined with Sin's rebuttal argument cured what might have been considered error.

## III.

■ Appellant argues that in its jury instructions the district court failed to cover elements of a violation of California Penal Code § 422 and to define probable cause. We are satisfied that the court properly explained the elements of the state crime in accordance with the teachings of *People v. Toledo,* 26 Cal.4th 221, 109 Cal.Rptr.2d 315, 26 P.3d 1051, 1055 (2001) (quoting Penal Code § 422).

We have held that "[p]robable cause exists when facts and circumstances within the arresting officer's knowledge and of which he has reasonably trustworthy information are sufficient to warrant a man of reasonable caution and prudence in the belief that the defendant is committing or has committed a crime." *Kennedy v. Los Angeles Police Dep't,* 887 F.2d 920, 923 (9th Cir.1989) (citation and quotation omitted). The district court took care to ensure that the instructions fairly and ade-

---

* Ruggero J. Aldisert, Senior Judge, United States Court of Appeals for the Third Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided for by Ninth Cir. R. 36–3.

quately explained the issue of probable cause, and it carved out ample room for Sin to challenge the officer's actions and "argue his theory of the case to the jury." *Brewer v. City of Napa,* 210 F.3d 1093, 1097 (9th Cir.2000).

"A jury instruction is adequate, even if it does not use the exact words proposed by a party, incorporate every proposition of law suggested by counsel, or amplify the instruction, if the instruction given enables the jury to determine the issue intelligently." *Miller v. Rykoff–Sexton, Inc.,* 845 F.2d 209, 212 (9th Cir.1988) (citation omitted). The instruction here was adequate.

## IV.

We have considered the four evidentiary rulings of the district court challenged by Appellant. "To order a reversal on the basis of an erroneous evidentiary ruling, we must find not only that the district court abused its discretion but also that the error was prejudicial ... [and] affect[ed] a party's substantial rights." *Heyne v. Caruso,* 69 F.3d 1475, 1478 (9th Cir.1995) (citations omitted). We conclude that there was no abuse of discretion and no legal error.

## V.

■ The district court properly followed the two prong test for qualified immunity set forth in *Saucier v. Katz,* 533 U.S. 194, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001). Sin's allegations that Officers Gonzales and Garrett arrested him without probable cause satisfy the first prong. Courts have held that the Fourth Amendment requires probable cause before an officer may arrest an individual. *See Beck v. Ohio,* 379 U.S. 89, 91, 85 S.Ct. 223, 13 L.Ed.2d 142 (1964).

We must now inquire whether the constitutional right at issue is "clearly estab-

lished." *Saucier,* 533 U.S. at 202. Here, the district court reasoned: "Specific intent is an element of California Penal Code § 422. Thus, whether Officer Gonzalez reasonably believed Plaintiff's specific intent was to threaten Ms. Whittle becomes central to this Court's determination of whether he has qualified immunity." E.R. at 203. The court then noted the officer's knowledge of intent was gleaned from "his interview with Ms. Whittle, the security staff and the Plaintiff himself," and accordingly held that the officer's conduct was "not clearly unlawful given the situation he confronted." *Id.* at 204. The court granted summary judgment in favor of the officers but held that probable cause "need not be determined on summary judgment. It is still a material fact in dispute." *Id.* What the court reserved in the summary judgment proceedings was what the jury later found in trial to be a fact against the other defendants, to-wit, that officers Gonzalez and Garrett did not make an unlawful arrest. Whatever relief Appellants would have had on an appeal of the qualified immunity issue in the case against Gonzalez and Garrett had the jury in the trial against Crystal Park Hotel Casino and the City of Compton found the arrest to have been illegal, is not before us. The jury decided otherwise, and in so doing removed the underpinning for a challenge to the summary judgment on the basis of qualified immunity.

AFFIRMED.